```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
                                       )
MICHAEL BORIA                          )
                                       )
         v.                            )   CIVIL NO. 05-40083-NMG
                                       )
UNITED STATES OF AMERICA               )
                                       )
```

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant U.S. Attorney William D. Weinreb, respectfully submits this response to Michael Boria's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

### BACKGROUND

On November 30, 2001, following a four-day jury trial, defendant Michael Boria was found guilty of five counts of distributing heroin and two counts of distributing methamphetamine. The government's evidence at trial consisted mainly of agent testimony and consensual tape recordings that documented Boria's multiple sales of heroin and methamphetamine to an undercover officer in 1999. The evidence also showed that Boria was a professional drug dealer with other customers, that he initiated many of sales to the undercover officer, that he tried several times to sell marijuana to the undercover officer, and that he was motivated chiefly by a desire to make money. Boria asserted an entrapment defense and testified on his own behalf, but the jury rejected that defense and convicted him.

On March 5, 2003, the Court sentenced Boria to 327 months' imprisonment, which represented the high end of the applicable sentencing guidelines range. Boria then filed a direct appeal in which he made two arguments. First, he argued that the Court committed plain error by admitting evidence that Boria's methamphetamine supplier was the Hell's Angels. Second, he argued that the Court committed plain error by admitting purported expert testimony regarding Boria's use of the term "red and white" without first conducting a Daubert/Kumho hearing outside of the jury's presence. The Court of Appeals rejected both arguments and affirmed the conviction on March 3, 2004. Its mandate issued on March 24, 2004, which means that Boria's conviction became final 90 days later, on June 22, 2004, when the time for filing a petition for writ of certiorari expired.

Boria's section 2255 motion asserts three grounds for relief. First, Boria claims that his trial counsel was constitutionally ineffective for failing to call unnamed witnesses who purportedly "would have provided testimony in support of" Boria's entrapment defense. Second, Boria claims that his trial counsel was ineffective for failing "to object to the admission of hearsay testimony from a DEA agent concerning out-of-court statements by the informant which concerned movant and to testimony from the agent which vouched for the reliability and veracity of the informant." Third, Boria claims that his rights were violated when the court made factual findings at

2

sentencing "which had the effect of increasing the base offense level under the federal sentencing guidelines beyond that which was authorized solely by the jury's verdict."

**ARGUMENT**

   I.   Claim of ineffective assistance based on trial counsel's failure to call unnamed, allegedly exculpatory witnesses.

To prevail on a claim of ineffective assistance of counsel, Boria must demonstrate (1) that trial counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that but for trial counsel's alleged errors, the result of the trial would probably have been different.  Strickland v. Washington, 466 U.S. 668, 684-85 (1984); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).  Judicial scrutiny of attorney performance is "highly deferential," and there is a strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; United States v. Soto-Alvarez, 958 F.2d 473, 478 (1st Cir. 1992).

   A.   The Court should summarily dismiss this claim because it is conclusory and lacks supporting facts.

Boria's first claim for relief -- that his trial counsel failed to call unnamed witnesses who would have bolstered his entrapment defense to the point where he would probably have been acquitted -- should be summarily dismissed because the claim is conclusory and lacks supporting facts.  Rule 29b) of The Rules

3

Governing § 2255 Proceedings requires movants to "set forth in summary form the facts supporting each of the grounds" for relief.  Rule 2(b).  The First Circuit has held that a district court may summarily dismiss section 2255 "claims [that state] conclusions without specific and detailed supporting facts." United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984); accord Elliot v. Perez, 751 F.2d 1472, 1480 (5th Cir. 1985) ("[T]his court has consistently held that conclusory allegations unsupported by allegations of specific facts are insufficient to support constitutional claims.").  Here, Boria has not even named the witnesses who purportedly would have provided exculpatory testimony, let alone alleged what their testimony would have been.  He has not done so even though he is represented by counsel who undoubtedly recognizes the need to provide basic facts in support of a section 2255 claim.  Boria's failure to provide even minimal factual support for his first claim renders it fatally deficient and warrants its summary dismissal.

   The Seventh Circuit explained in Underwood v. Clark, 939 F.2d 473 (7th Cir. 1991), why the failure to provide factual support warrants the summary dismissal of a section 2255 claim. The movant in that case filed a sworn section 2255 motion in which he claimed that his attorney forbade him to testify at trial.  In affirming the district court's summary dismissal of the movant's claim, Judge Posner, writing for the Seventh Circuit, explained:

4

> We agree with the First Circuit's ruling in <u>Siciliano v. Vose</u>, 834 F.2d 29, 31 (1st Cir. 1987), that this bare bones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary -- and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify -- to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

<u>Id.</u> at 476. Boria's bare bones claim that his lawyer failed to call unnamed exculpatory witnesses who would have exonerated him likewise is too facile a tactic to warrant a further investment of judicial resources. Accordingly, this Court should summarily deny it.

    B.   <u>Barring dismissal, the Court should order Boria to submit affidavits from the alleged exculpatory witnesses setting forth what their testimony would have been at trial.</u>

At the very least, before proceeding further, the Court should order Boria to cure this defect in his motion by providing a more definite statement of supporting fact. <u>See</u> Fed. R. Civ. P. 12(e); <u>Barrett</u> v. <u>United States</u>, 965 F.2d 1184, 1187 (1st Cir. 1992) (Federal Rules of Civil Procedure apply to section 2255 proceedings). In particular, the Court should order Boria to submit affidavits from the alleged exculpatory witnesses that set forth in detail what their trial testimony would have been. <u>See</u> Rule 7 of the Rules Governing § 2255 Proceedings. The First Circuit has held that the failure of a section 2255 movant such

5

as Boria "to obtain affidavits from persons who could substantiate his claims such as the allegedly favorable witnesses" warrants summary dismissal of those claims. Porcaro v. United States, 832 F.3d 208, 210. The Porcaro Court made clear, moreover, that the law requires "statements of the [witnesses] themselves, and not petitioner's statements of what he thinks the [witnesses] would say." Id. at 212. Unless Boria submits such affidavits, it is impossible for the Court to know whether a hearing on his first ineffective assistance claim is warranted; the affidavits might well reveal, for example, that the testimony of the alleged witnesses would not have made a difference in the trial's outcome. See id.; accord United States v. Aiello, 814 F.2d 109, 113-114 (2d Cir. 1987).

    II.  Claim of Ineffective assistance based on trial counsel's failure to object to alleged hearsay and vouching testimony.

Boria's second claim should be summarily dismissed for the same reason as his first claim and for two other reasons as well. First, like Boria's first claim, this one impermissibly "stat[es] conclusions" without the slightest factual support. Butt, supra, 731 F.2d at 77. Boria claims he would have been acquitted had his lawyer objected to certain hearsay and vouching statements by a government witness, but he does not bother to identify the alleged statements. Accordingly, it is impossible to know whether the alleged statements were actually made, whether they

in fact constituted hearsay or vouching, whether trial counsel in fact failed to object to them, whether an objection would have been sustained, or whether -- absent the admission of the alleged statements -- Boria would probably have been acquitted. Once again, Boria's complete failure to support his claim with any facts, despite the assistance of counsel, is "too facile a tactic . . . to warrant a further investment of judicial resources." Underwood, supra, 939 F.2d at 476.

A second and independent reason Boria's second claim must be dismissed is that it was procedurally defaulted. Boria admits, as he must, that he could have raised this claim on direct review but did not. It is hornbook law that "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 123 S. Ct. 1690, 1693 (2003). The only exception to this rule requires the movant to show a legally sufficient "cause" for failing to raise the issue on direct review and "actual prejudice" from the alleged error. See United States v. Frady, 456 U.S. 152, 167 (1982). As the Court explained in Frady, the cause and prejudice standard imposes "a significantly higher hurdle" than the plain-error standard of Federal Rule of Criminal Procedure 52 and United States v. Olano, 507 U.S. 725 (1993). See Frady, 456 U.S. at 166; accord Burgos v. United States, 313 F.3d 23, 32 n.12 (1st Cir. 2002). Boria says that the reason he failed to raise the issue on direct

review is ineffective assistance of appellate counsel. That means this Court may consider Boria's second claim only if Boria first shows that the claim is so meritorious that the First Circuit would have reversed his conviction if that Court had been presented with the claim on direct appeal; since Boria has obviously made no such showing, the claim has been procedurally defaulted and must be dismissed.

A third (and independent) reason Boria's second claim must be dismissed is that "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." Rule 4 of the Rules Governing § 2255 Proceedings. The trial record in this case reveals that no hearsay statements of the informant were admitted through the mouth of a DEA agent or anyone else; although certain statements of the informant were admitted into evidence, none of those statements were hearsay because none of them were introduced for the truth of the matter asserted. <u>See</u> Fed. R. Evid. 801(c). And since nothing the informant said was introduced for the truth of the matter asserted, it is meaningless to say that a government witness "vouched" for the informant's credibility, because the informant's credibility was not at issue. Since the record conclusively demonstrates that Boria's second claim lacks merit, it should be summarily dismissed.

Barring a dismissal of Boria's second claim, the government

requests, once again, that Boria be ordered to cure the defect in it by providing a more definite statement of supporting fact. See Fed. R. Civ. P. 12(e).  Specifically, Boria should be ordered to identify all statements that he considers to be inadmissible hearsay or vouching testimony and to demonstrate how the exclusion of those statements would have produced an acquittal. See Rule 7 of the Rules Governing § 2255 Proceedings; Porcaro supra, 832 F.3d at 210.

    III. Claim of improper judicial factfinding at sentencing

    Boria's third claim also should be summarily dismissed for three independent reasons.  First, and most straightforwardly, the claim asserts a nonexistent right.  The Supreme Court held in United States v. Booker, 125 S.Ct. 738 (2005), that a defendant has no right to a jury determination of the facts that determine his sentencing guidelines range.  The jury convicted Boria of, among other things, distribution of 50 grams or more of a mixture or substance containing methamphetamine (Count Fourteen), which carries a maximum sentence of 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B).  Under Booker, Boria had no right to a jury determination of any fact that resulted in a sentence shorter than 40 years' imprisonment, even if that fact increased his sentencing range under the guidelines.

    To the extent Boria claims that he was incorrectly deemed a career offender, his claim is foreclosed by the rule that

nonconstitutional error in the application of the Sentencing Guidelines cannot be raised in a section 2255 motion. See Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994). The claim is moot in any event, because Boria's sentencing range would have been the same even if he had not been deemed a career offender. The Court determined at sentencing that Boria's base offense level was 30 based on the quantity and type of drugs that Boria distributed. The Court then added two levels for role in the offense, pursuant to USSG §3B1.1, and two levels for obstruction of justice, pursuant to USSG §3C1.1, resulting in a total offense level of 34. Finally, the Court placed Boria in Criminal History Category VI because Boria had 13 or more criminal history points, yielding a sentencing range of 262-327 months. Although the Court also correctly found that Boria was a career offender, Boria's sentencing range under the career offender guideline, USSG §4B1.5, was exactly the same as his sentencing range before application of the career offender guideline: 262-327 months. It therefore makes no difference whether the career offender guideline was properly applied to him or not.

    Finally, to the extent Boria's third claim is actually a claim of so-called Booker error -- i.e. a claim that he would have received a different sentence under an advisory guidelines regime -- it must be dismissed because Booker does not apply

10

retroactively. The First Circuit, along with every other court to consider the question, has held that Booker does not apply to convictions (like Boria's) that have already become final. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (citing cases from the 2nd, 6th, 7th, and 11th circuits). Moreover, given that the Court sentenced Boria to the high end of the applicable sentencing range, and especially given Boria's lifelong history of serious violent crime and drug offenses, there is no evidence whatsoever that Boria would have received a lower sentence under an advisory guidelines regime.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney

                             By: /s/ William Weinreb
                                    WILLIAM D. WEINREB
                                    Assistant U.S. Attorney