United States District Court
District of Massachusetts

|  |  |
|---|---|
| MICHAEL BORIA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. ) 05-40083-NMG |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

MEMORANDUM & ORDER

GORTON, J.

    This petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 follows the petitioner's convictions on five counts of distributing heroin and two counts of distributing methamphetamine. Petitioner now alleges that he received ineffective assistance of counsel at trial and that his sentence was imposed in violation of the Sixth Amendment.

    Petitioner asserts two claims of ineffective assistance of counsel. First, he contends that:

> [t]rial counsel failed to listen to the government's tape-recorded evidence and subpoena known witnesses who would have provided testimony in support of the movant's entrapment defense. Had counsel listened to the tape-recorded conversations, he would have discovered and presented at trial evidence that supported the defense and corroborated the testimony of the witnesses who should have been subpoenaed.

Second, he contends that:

> [t]rial counsel failed to object to the admission of hearsay

-1-

testimony from a DEA agent concerning out-of-court statements by the informant which concerned movant and to testimony from the agent which vouched for the reliability and veracity of the informant.

Both claims are facially inadequate because the petitioner wholly fails to provide factual support for his bald assertions of inadequate representation. With respect to the first alleged ground, petitioner fails to identify 1) who the "known witnesses" are, 2) what they would have testified to or 3) how it would have persuaded the jury to acquit him. With respect to the second alleged ground, petitioner does not specify 1) who the witness in question is, 2) which testimony was allegedly hearsay, 3) how that witness "vouched" for the informant or 4) how an objection from counsel would have made a difference in the outcome of trial. See Strickland v. Washington, 466 U.S. 668 (1984).

The First Circuit Court of Appeals has held that § 2255 petitions containing "claims stating conclusions without specific and detailed supporting facts" may be "summarily denied". United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984). The rule exists because the use of bare, unsubstantiated allegations by a petitioner is "too facile a tactic ... to warrant a further investment of judicial resources". Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991). In this case, the petitioner, with assistance of counsel, has failed to set forth any factual support, substantiated or otherwise, for his claims. Therefore, they will be dismissed.

Petitioner's final alleged ground for relief is that:

> [t]he district court made factual findings at sentencing which had the effect of increasing the base offense level under the federal guidelines beyond that which was authorized solely by the jury's verdict.

That ground is unavailing under United States v. Booker, 125 S.Ct. 738 (2005). In Booker, the Supreme Court rendered the sentencing guidelines advisory thereby negating the need for sentencing factors to be tried to a jury. Accordingly, this petition for a writ of habeas corpus will be dismissed.

### ORDER

In accordance with the foregoing, the petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) is **DENIED** and this petition is **DISMISSED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated October 27, 2005